57 P.3d 733

Rebecca Lynn JACOBSON, Petitioner,

v.

The Honorable Arthur ANDERSON, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

State of Arizona ex rel. Richard M. Romley, Maricopa County Attorney, Real Party in Interest.

No. 1 CA–SA 02–0250.

Court of Appeals of Arizona, Division 1, Department D.

Nov. 21, 2002.

Law Office of Tamara Brooks–Primera By Tamara Brooks–Primera, Tempe, Attorneys for Petitioner.

Richard M. Romley, Maricopa County Attorney By Lee White, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

EHRLICH, Judge.

¶1 Rebecca Lynn Jacobson seeks review of the trial court's denial of her motion for appointment at government expense of such experts as are reasonably necessary for her defense. She has no equally plain, speedy and adequate remedy by appeal. ARIZ. R.P. SPEC. ACT. 1(a); *Martin v. Reinstein*, 195 Ariz. 293, 300 ¶9, 987 P.2d 779, 786 (App.1999). Therefore, in an earlier order, we accepted jurisdiction, promising that this opinion would follow.

### BACKGROUND

¶2 Jacobson was the driver of a vehicle involved in a single-vehicle-rollover accident in which two passengers were killed and a third passenger was injured. Based on evidence that she was legally intoxicated and speeding at the time of the accident, Jacobson was charged with two counts of manslaughter, class 2 dangerous felonies, and endangerment, a class 6 dangerous felony.

¶3 In preparation for trial, the State filed a witness list that included as expert witnesses an accident reconstructionist, D.J. Hansen, and a criminalist, Jennifer Klem. In response, Jacobson retained accident reconstructionist Michael Broughton and criminalist Chester Flaxmeyer, and listed them as witnesses.

¶4 Although Jacobson's parents had retained counsel to represent her, she has been declared by the trial court to be indigent. *See* ARIZ. R.CRIM. P. 6.4 ("Determination of indigency"); *Knapp v. Hardy*, 111 Ariz. 107, 110, 523 P.2d 1308, 1311 (1974)(The parent "had no legal obligation to provide legal

counsel for the defendant, and the determination of indigency must be based on his financial condition and not that of relatives and friends."). Accordingly, she moved that the court appoint and order government payment for her experts. ARIZ. R.CRIM. P. 15.9.[1] The court denied her motion, finding "no legal authority" to support the appointment and compensation of experts in a non-capital case. Jacobson then filed her petition for special action.

## ANALYSIS AND CONCLUSION

◼ ¶ 5 Arizona Rule of Criminal Procedure ("Rule") 15.9 permits the trial court to appoint expert witnesses for an indigent defendant who makes the proper showing. Indeed, due process requires the appointment of expert witnesses for an indigent defendant when such testimony is reasonably necessary to present an adequate defense. *See, e.g., Little v. Armontrout,* 835 F.2d 1240, 1243 (8th Cir.1987)(refusal to appoint expert to assist indigent defendant rendered trial fundamentally unfair and required rape conviction to be set aside), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 894 (1988); *Mason v. Arizona,* 504 F.2d 1345, 1351–52 (9th Cir.1974)(Due Process Clause "requires, when necessary, the allowance of investigative expenses or appointment of investigative assistance for indigent defendants in order to insure effective preparation of their defense by their attorneys" depending "upon the need as revealed by the facts and circumstances of each case"), *cert. denied,* 420 U.S. 936, 95 S.Ct. 1145, 43 L.Ed.2d 412 (1975); *Bowen v. Eyman,* 324 F.Supp. 339, 340 (D.Ariz.1970)(" '[F]undamental fairness' is the touchstone, i.e., whether or not a defendant is entitled to a court-appointed expert

depends on the facts and circumstances of the case."); *State v. Lamar,* 144 Ariz. 490, 495, 698 P.2d 735, 740 (App.1984)(constitutional considerations may mandate appointment of investigator in non-capital cases if denial would substantially prejudice defendant); *cf. Knapp,* 111 Ariz. at 113, 523 P.2d at 1314.[2]

◼ ¶ 6 The legislature has explicitly protected the right of an indigent defendant to expert assistance in capital cases, ARIZ.REV. STAT. § 13–4013(B) (2001), but the fact that this is a non-capital case is not dispositive because Rule 15.9 is not merely applicable to capital cases. And we decline to "draw a decisive line for due-process purposes between capital and non-capital cases." *Little,* 835 F.2d at 1243. The interest of the body politic in a fair trial as well as that same interest of the defendant outweighs any State interest in avoiding expenditures for such expert witnesses as are reasonably necessary for the defense of an indigent person. *See id.* at 1243–44.

¶ 7 Because Jacobson was declared by the trial court to be indigent, she is entitled to have the opportunity to demonstrate to that court that her proposed expert witnesses are reasonably necessary for her defense. Therefore, this matter is remanded, and the court is instructed to reconsider Jacobson's motion.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge and JON W. THOMPSON, Judge.

---

1. Arizona Rule of Criminal Procedure 15.9 was promulgated on January 30, 2002, effective June 1, 2002. It states: "An indigent defendant may apply for the appointment of an investigator and expert witness ... to be paid at county expense if the defendant can show that such assistance is reasonably necessary to present a defense adequately at trial or sentencing."

2. The *Knapp* case is distinguishable because, at that point in time in the case, "[w]hat the defendant [was] really requesting [was] the appointment of an expert to rebut the State's anticipated evidence," or, in other words, Knapp's motion was premature.